**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Martin OREA–RODRIGUEZ,**
**Defendant—Appellant.**

**No. 04–10624.**
**D.C. No. CR–03–00465–KJD/PAL.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 12, 2005.

Decided Aug. 24, 2005.

Robert A. Bork, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Anne R. Traum, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before PREGERSON, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM *

Jose Martin Orea–Rodriguez appeals his conviction under 8 U.S.C. § 1326 for illegal re-entry into the United States following deportation.[1] He contends that the district court erred in denying his motion to dismiss the indictment. Orea–Rodriguez was previously removed from the United States on the basis of a conviction under Nevada Revised Statute § 453.3385. The district court, as did the immigration judge ("IJ") presiding over Orea–Rodriguez's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we recite them only as necessary to aid in the understanding of this disposition.

prior removal proceedings, concluded that Orea–Rodriguez's prior conviction under Nevada Revised Statute § 453.3385 was a drug trafficking offense under 8 U.S.C. § 1101(a)(43)(B). We affirm.

Orea–Rodriguez has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction under 8 U.S.C. § 1326. *See United States v. Mendoza–Lopez*, 481 U.S. 828, 837–38, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). He contends that his conviction under Nevada Revised Statute § 453.3385 was not a drug trafficking offense within the meaning of 8 U.S.C. § 1101(a)(43)(B), and that the IJ's contrary conclusion rendered his underlying removal fundamentally unfair.[2] *See* 8 U.S.C. § 1326(d).

The written plea agreement signed by Orea–Rodriguez and submitted by the government states that Orea–Rodriguez pled guilty to "Trafficking in [a] Controlled Substance (Felony—NRS 453.3385), as more fully alleged in the charging document...." The Nevada information, also submitted by the government, charged Orea–Rodriguez with conduct that constituted drug trafficking. Thus, as the IJ and district court correctly concluded, the judicially noticeable documents in the record of conviction clearly establish that Orea Rodriguez pled guilty to a drug trafficking offense. *See* 8 U.S.C. § 1101(a)(43)(B); *Shepard v. United States,* —— U.S. ——, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005) (concluding that a court conducting the modified categorical approach under *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), may rely on the charging docu-

ment and written plea agreement). Because Orea–Rodriguez's prior conviction under Nevada Revised Statute § 453.3385 was properly categorized as a drug trafficking offense under 8 U.S.C. § 1101(a)(43)(B), the district court's denial of his motion to dismiss the indictment is

**AFFIRMED.**

---

**2.** As a result of categorizing his conviction under Nevada Revised Statute § 453.3385 as a drug trafficking crime under 8 U.S.C. § 1101(a)(43)(B), Orea–Rodriguez was removable under 8 U.S.C. § 1227(a)(2)(A)(iii),

and ineligible for certain forms of discretionary relief. *See e.g.,* 8 U.S.C. § 1229b(a)(3).

